IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCISCO PÉREZ ABREU<br><br>Plaintiff<br><br>v.<br><br>METROPOL HATO REY, LLC.<br><br>Defendant | CIVIL NO.<br><br>RE: DISCRIMINATION, RETALIATION AND HARASSMENT IN EMPLOYMENT; ADEA; TITLE VII; PR LAW 100; PR LAW 115;<br><br>JURY TRIAL IS REQUESTED |

**COMPLAINT**

**TO THE HONORABLE COURT:**

COMES NOW, the Plaintiff, through the undersigned counsel, and respectfully STATES, ALLEGES AND PRAYS:

### I. Nature of the Action

1. This action is brought by Plaintiff Francisco Pérez Abreu ("Pérez") against his employer Metropol Hato Rey LLC ("Metropol" or "Defendant"), for the discrimination, retaliation and harassment to which he has been subjected to because of his age, and also motivated by his Dominican national origin, and for also for opposing Triple S Vida's unlawful employment practices and for filing a prior judicial action against Defendant in federal court.

2. Plaintiff has suffered, and is suffering economic and emotional damages as a result of Defendant's actions, as alleged herein.

### II. Jurisdiction

3. This Honorable Court has jurisdiction to entertain this action pursuant to the *Age Discrimination in Employment Act*, as amended, ("ADEA"), and *Title VII of the Civil Rights Act of 1964 and 1991*, as amended ("Title VII"). Plaintiff also invokes this Honorable Court's

1

supplemental jurisdiction, pursuant to 28 U.S.C. § 167, and seek relief under Puerto Rico Law No. 100 of June 30, 1959 ("Law 100") and Puerto Rico Law No. 115 of December 20, 1991 ("Law 115").

4. All conditions precedent to jurisdiction under the applicable federal and local statutes gave been complied with.

5. Pérez filed a Charge of Discrimination before the Equal Employment Opportunity Commission ("EEOC") on March 10, 2020, and the Notice of Right to Sue was issued by the EEOC on January 21, 2021. **See** **Exhibits 1 and 2.**

6. This is the proper venue to bring this action, since the facts relating to the causes of action asserted herein occurred in this District.

### III. Parties

7. Pérez is a 64 year-old Dominican black male, resident of Puerto Rico, who works as a full-time waiter at Defendant's restaurant "Metropol" located in Hato Rey.

8. Defendant is a domestic limited liability company who owns and operates the restaurant "Metropol" located in Hato Rey.

### IV. Factual allegations

9. Pérez has worked for Defendant since March 15, 1988 as a full-time waiter.

10. For approximately the past 10 years, Pérez has been subjected to a pattern of discrimination, harassment and retaliation in his employment because of his age and also motivated by his Dominican national origin.

11. On November 13, 2018, Pérez, his former wife Olga Felix Ancona and the Conjugal Partnership that existed between them, filed an age discrimination lawsuit against Defendant, under the *Age Discrimination in Employment Act*, 29 U.S.C. §621 *et seq.*, before this court under

case number 18-1865 (PG) ("Pérez' First Complaint"). Said case was dismissed on May 22, 2019, and is currently pending decision on appeal. See USCA Case No. 19-1679.

12. Since the filing of Pérez' First Complaint, Defendant has intensified the pattern of discrimination, harassment and retaliation against him, because of his age, motivated by his national origin, and in retaliation for filing Pérez' First Complaint.

13. Defendant's pattern of discrimination, harassment and retaliation against Pérez includes a broad range of actions, for example, from not assigning Pérez to any area of the restaurant in particular, to leaving him working alone with too many customers at the same time, with no help, verbal abuse, lack of consideration, and fabricated disciplinary actions.

14. On January 24, 2019, Pérez waited on a customer who frequently eats at the restaurant. After the customer finished his meal, he paid with his American Express credit card the amount of $28.97, plus $4.00 tip, for a total of $32.97.

15. After the customer left, Defendant's management gave Pérez a written warning for supposedly allowing the customer to leave the restaurant without paying. Pérez explained to his supervisor Rafael Cedeño that the customer had paid the bill with an American Express credit card and had even left a $4.00 tip. Pérez encouraged Defendant to look at its records, but Defendant refused or simply ignored the same, and gave Pérez the written warning.

16. After that, Pérez spent months attempting to locate the customer involved in order to ask him for a copy of the receipt, and Pérez was finally able to find the customer on April 10, 2019. Fortunately, the customer still had the receipt in his possession and gave Pérez a copy of it, so that Pérez could prove that he did not allow the customer to leave without paying.

17. After Pérez was able to show Defendant the copy of the receipt as evidence that the customer had paid, which Defendant had at all times, Pérez asked Defendant to remove the written

warning from his employee file, but Defendant refused and did not remove the written warning from Pérez's employee file.

18. On February 13, 2019, Pérez was supposed to begin his work shift at 3:00 p.m., however he had a medical appointment on that day. During the morning, Pérez called the manager on duty Alexandra Zayas ("Zayas"), to inform her that he would arrive late to work, but that he did not know exactly at what time, because of his medical appointment. Zayas said that it was ok, and to come in as soon as possible. However, when Pérez arrived to work that day around 5:10 p.m., he was given a written warning for tardiness. Pérez explained that he had called in advance to inform that he would be late because of his medical appointment, and that Zayas had said ok, but Defendant did not care and gave him the written warning anyways.

19. On May 30, 2019, Pérez was left by management alone waiting the whole restaurant, which was full of customers, including a private event/party. According to Defendant, the customers in one table complained about the service, and Pérez was therefore given a written warning without considering that he was the only waiter in the whole restaurant.

20. On December 20, 2019, Defendant gave Pérez a verbal warning for allegedly asking for a plate different than the one ordered by a customer. This is a mistake that all waiters commit from time to time, without any warnings involved. However, a verbal warning was given to Pérez.

21. On March 4, 2020, Pérez was suspended without pay, until March 9, 2020, because he ate a plate that had been wrongfully ordered and that was going to be thrown away. The plate was given to Pérez by another waiter who told Pérez that he could eat it because it was going to be thrown away. This is something that happens with relative frequency in the restaurant, without nobody getting disciplined. However, Pérez was disciplined.

22. Because of the incident mentioned above, Defendant informed Pérez that he was being suspended while the Company carried out an investigation, and that Pérez would be notified with the results of the investigation no later than March 9, 2020.

23. Defendant suspended Pérez but never informed him the result of the investigation, assuming one was done.

24. With the COVID-19 pandemic, Defendant's pattern of discrimination, harassment and retaliation against Pérez even worsened.

25. After the initial lockdown on March 15, 2020, Pérez was required to report back to work on June 8, 2020, to a full 40 hour week.

26. Due to his age and also because of Defendant's poor compliance with the preventive and hygienic measures recommended by the authorities to stop the spread of COVID-19, Pérez requested Defendant to reduce his working hours, which Defendant had done for younger employees. Pérez request, however, was denied.

27. Once the discrimination was pointed out by Pérez, Defendant conditioned the granting of Pérez' request to reduce his working hours to the signing of a release, something that was not required for the younger employees.

28. Because of his concern with the lack of measures taken regarding the COVID-19 pandemic, Pérez has also requested on several occassions to see Defendant's COVID plan, which is required by the Puerto Rico Labor Department in order for a business to be open and operating, but Pérez requests have always been denied.

29. In addition, when there are few clients in the restaurant, Defendant allows younger waiters on schedule to leave earlier. However, Pérez has never been granted said benefit, and is

5

the only waiter required to always work the full shift, and even overtime, until the restaurant's closing.

30. Pérez has also faced constant verbal abuse, which he has always endured, by other employees and management, even in the presence of Defendant's executives, who have condoned these actions. This abuse and harassment is because of Pérez' age and also motivated by his Dominican mational origin.

31. As admitted by numerous managers that have left the company, and others that are still there, the Company's mission is to get rid of older employees, whose benefits are higher than younger employees.

32. Defendant's management, such as Rafael Cedeño and Reynaldo Burgos, have directly asked Pérez about the reasons why he does not retire, and have informed him and others, that the youth is the future of the Company.

33. Pérez has been the object of numerous jokes, insults and derogatory comments by both co-workers and Defendant's management, based on his Dominican national origin and his accent, and way of talking.

34. On January 11, 2021, Pérez underwent a surgery. The first day he came back to work from the surgery, on January 28, 2021, Pérez was forced to work ten (10) hours.

35. Because of the emotional damages caused by Defendant's retaliation, discrimination and harassment, Pérez has had to seek psychological and psychiatric treatment, and is still on treatment.

36. Pérez has suffered, and is suffering, severe emotional and economic damages because of Defendant's discriminatory, retaliatory and harassing actions against Pérez.

## V. Causes of Action

**A.   First Cause of Action – Age Discrimination under ADEA
(Discrimination and Hostile Work Environment)**

1. Pérez re-alleges all previous paragraphs as if fully alleged herein.

2. ADEA provides that "[i]t shall be unlawful for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age [and] to limit, segregate or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age[.]" 29 U.S.C. Sec. 623(a)(1)-(2).

3. The facts alleged herein constitute a wilfull and malicious violation by Defendant to Pérez's rights under the ADEA's anti-discrimination provisions.

**B.   Second Cause of Action – Retaliation under ADEA**

1. Pérez re-alleges all previous paragraphs as if fully alleged herein.

2. ADEA's anti-retaliation provision states, in pertinent part:

It shall be unlawful for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful by this section[.]

29 U.S.C. Sec. 623(d).

3. Pérez opposed Defendant's unlawful practices and filed an employment discrimination action before this Court and a Charge of Discrimination before the EEOC, and was retaliated because of said actions.

4. The facts alleged herein constitute a wilfull and malicious violation by Defendant to Pérez's rights under the ADEA's anti-retaliation provision.

**C.   Third Cause of Action – National Origin Discrimination under Title VII (Discrimination and Hostile Work Environment)**

1. Pérez re-alleges all previous paragraphs as if fully alleged herein.

2. Title VII's anti-discrimination provision states, in pertinent part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]

42 U.S. Code § 2000e–2(1)

3. The facts alleged herein constitute a wilfull and malicious violation by Defendant to Pérez's rights under Title VII's anti-discrimination provision.

**D.   Fourth Cause of Action – Retaliation under Title VII**

1. Plaintiff re-alleges all previous paragraphs as if fully alleged herein.

2. Title VII's antiretaliation provision states, in relevant part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C.A. Sec 2000e-3(a)

3. The facts alleged herein constitute a wilfull and malicious violation by Defendant to Pérez's rights under Title VII's anti-retaliation provision.

**E.   Fifth Cause of Action – Age and National Origin Discrimination under PR Law 100**

1. Pérez re-alleges all previous paragraphs as if fully alleged herein.

2. PR Law 100 provides, in pertinent part, that "[a]ny employer who . . . discriminates against an employee with regards to his salary, wage, pay or remuneration, terms, rank, conditions or job privileges, or who fails or refuses to hire or rehire a person, or who limits or classifies his

8

Case 3:21-cv-01196-ADC   Document 1   Filed 04/27/21   Page 9 of 10

employees in any way which deprives a person of employment opportunities or affects his employee status on the grounds of age, as defined below, . . . or national origin . . . [s]hall incur in civil liability [f]or a sum equal to twice the amount of damages sustained by the employee . . . on account of such action[.]" 29 L.P.R.A. 146(a)(1).

    3.    The facts alleged herein constitute age and national origin discrimination under PR Law 100.

**F.**    **Sixth Cause of Action – Retaliation under PR Law 115**

    1.    Pérez re-alleges all previous paragraphs as if fully alleged herein.

    2.    PR Law 115 provides, in pertinent part, that "[n]o employer may discharge . . . an employee . . . because the employee offered or attempted to offer, verbally or in writing, any testimony, expression or information before a legislative, administrative or judicial forum in Puerto Rico, as well as testimony, expression or information offered or attempted to offer within the internal procedures established in the company, or before any employee or representative in position of authority, when such expressions are not of a defamatory nature nor constitute disclosure of privileged information established by law." 29 L.P.R.A. 194a(a).

    3.    The facts alleged herein constitute retaliation under PR Law 115.

## VI. Relief

**WHEREFORE**, Pérez prays to this Honorable Court to:

    1.    Grant this Complaint in its entirety;

    2.    Order Defendant to make Pérez whole by granting compensation for Pérez' reduction in income, due to Defendant's discriminatory and retaliatory practices, in an amount not less than $50,000.00.

    3.    Award Pérez compensation for his emotional damages in the amount of no less than $500,000.00.

    4.    Award Pérez compensatory damages in the amount of $500,000.00.

5. Award Pérez punitive damages and double damages.

6. Award Pérez the costs of this action, together with reasonable attorney's fees.

7. Award Pérez pre judgment interest.

8. Grant Pérez such other relief as this Honorable Court deems appropriate and proper.

A jury trial is requested.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on April 27, 2021.

        **s/ Andrés C. Gorbea Del Valle**
        Andrés C. Gorbea Del Valle
        USDC-PR Bar No. 226313
        PO Box 195191, San Juan, PR00919
        (787) 217-2234
        andres_gorbea@yahoo.com